1  RICHARD C. JOHNSON (SBN 40881)
   KRISTEN McCULLOCH (SBN 177558)
2  SALTZMAN & JOHNSON LAW CORPORATION
   120 Howard Street, Suite 520
3  San Francisco, CA 94105
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   pmiller@sjlawcorp.com
5  kmcculloch@sjlawcorp.com

6  Attorney for Plaintiffs

7

8                  UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10 PACIFIC COAST ROOFERS PENSION          Case No.: CV 08 1252
   TRUST, DOUGLAS ZIEGLER, Trustee, and
11 JOHN T. BANISTER,                      COMPLAINT

12                Plaintiffs,             MHP

13 v.

14 ACE ROOFING COMPANY AND MANUEL
   D. MARTINEZ, INDIVIDUALLY,
15
                  Defendants.
16

17

18     Plaintiffs, Pacific Coast Roofers Pension Trust ("Trust") and its Board of Trustees

19 ("Trustees") (collectively "Plaintiffs"), through their undersigned counsel, allege as follows:

20                            **INTRODUCTION**

21     1.     This action arises under the Employee Retirement Income Security Act of 1974

22 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C

23 §§ 1001-1461 (1982). For many years Defendant Ace Roofing Company ("Defendant Ace

24 Roofing") was a participating employer in the Trust pursuant to a collective bargaining agreement

25 between it and the United Union of Roofers, Waterproofers and Allied Workers (UURWAW),

26 Local Nos. 40 81 and 95. Plaintiffs allege that in September 2005 Defendant Ace Roofing

27 withdrew from participation in the Trust, which thereby triggered the Trust to assess Defendant

28 Ace Roofing with withdrawal liability of $574,409.70. On July 26 2007, Plaintiffs notified

                                    1                              COMPLAINT

1  Defendant Ace Roofing of the assessed withdrawal liability and that payment thereof could be made in sixty-two (62) quarterly payments beginning September 1, 2007. Under the statutory provisions of ERISA, the entire amount of withdrawal liability becomes immediately due and payable if Defendant Ace Roofing is in default of its withdrawal liability payments. On September 14, 2007 Plaintiffs notified Defendant Ace Roofing that it would be in default if it failed to cure its non-payment within 60 day pursuant to ERISA. As of the filing of the Complaint, no withdrawal liability payment has been received by the Trust.

2. Defendant Martinez was the president and 100% owner of Defendant Ace Roofing making all other businesses commonly controlled by Defendant Martinez a "control group." Under ERISA a control group is considered to be single employer making each member of the control group jointly and severally liable for their own and each other member of the control group's withdrawal liability. The letter dated July 26, 2007 sent by Plaintiffs to Defendant Ace Roofing requested a list of all trades or businesses which are in the same control group as Ace Roofing as required by ERISA Section 4219(a) (29 U.S.C. § 1399(a)). The Trust never received a response to its request for information concerning the identity of each the member of the control group.

3. Plaintiffs, therefore, seek a money judgment against the Defendant Ace Roofing and each member of any control group awarding the entire assessed withdrawal liability plus interest, liquidated damages and costs, including attorneys' fees. Alternatively, Plaintiffs seek a money judgment against the Defendant Ace Roofing and each member of any control group awarding delinquent quarterly withdrawal liability payments arrearages plus interest, liquidated damages and costs, including attorneys' fees. Plaintiffs also seek injunctive relief against the Defendant Ace Roofing and each member of any control group and against Defendant Manuel D. Martinez ("Defendant Martinez").

## PARTIES

4. Plaintiff Pacific Coast Roofers Pension Trust ("Trust") is (a) an employee benefit plan as defined in the ERISA Section 3(3) (29 U.S.C. §1002(3)), (b) "employee benefit pension

1  plan" as defined in 3(2) of ERISA (29 § U.S.C. 1002(2)) and (c) a "multiemployer plan" as defined in 3(37) and 4001(a)(3) of ERISA (29 U.S.C. §§ 1002(37) and 1301(a)(3)).

5. Plaintiffs Douglas Ziegler and John T. Banister are members of the Board of Trustees of the Trust. Plaintiff Trustees are "fiduciaries" with respect to the Trust as defined in 3(21)(A) of ERISA (29 U.S.C. § 1002(21)(A)), and are collectively the Board of Trustees' "plan sponsor" within the meaning of 3(16)(B)(iii) and 4001(a)(10)(A) of ERISA (29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10)(A)).

6. The Trust and the Trustees are herein referred to as "Plaintiffs".

7. The Plaintiffs are empowered to bring this action on behalf of the Trust pursuant to 4301(a)(1) and (b) and 502(a)(3) of ERISA (29 U.S.C. §§ 1451(a)(1) and (b) and 1132(a)(3)). The Trust is a jointly administered Trust Fund created and maintained pursuant to 302(c) of the Labor Management Relations Act (29 U.S.C. § 186(c)).

8. Defendant Ace Roofing is a California corporation registered with the California Secretary of State to do business in California, which was located at located at 863 Warrington Ave, Redwood City, CA 94063, and is an employer within the meaning of 3(5) of ERISA (29 U.S.C. § 1002(5)) and is engaged in commerce, in an industry affecting commerce, within the meanings of 3(11) and (12) of ERISA (29 U.S.C. § 1002(11) and (12)). Defendant Ace Roofing employed employees up through and including September 2005, who were jointly represented for the purposes of collective bargaining by Local Nos. 40 81 and 95 of the United Union of Roofers, Waterproofers and Allied Workers ("UURWAW" or the "Union"), a labor organizations representing employees in an industry affecting interstate commerce. Defendant Ace Roofing's principal place of business is in Redwood City, California.

9. Defendant Ace Roofing was a party to a collective bargaining agreement with the Union, was a participating employer in the Trust under the terms of the collective bargaining agreement, and was obligated to and did make contributions to the Trust on behalf of its employees covered under the collective bargaining agreement.

10. Defendant Manuel D. Martinez, an individual, was the president and 100% owner of Ace Roofing Company. Accordingly, all trades or businesses which are owned by Defendant

1  Martinez are within a control group and are treated as a single employer for purposes of
2  withdrawal liability [ERISA Section 4001(b)(1) (29 U.S.C. §1301(b))] and are each the employer
3  liable for the withdrawal liability owed the Trust [ERISA Section 3(5) (29 U.S.C. §1002(5))].

4      11.  Defendant Ace Roofing and Defendant Martinez are herein referred to as
5  "Defendants."

### JURISDICTION

7      12.  Jurisdiction is conferred upon this Court over the claims asserted by the Plaintiffs
8  by virtue of 4301(c) and 502(e)(1) and (f) of ERISA. 29 U.S.C. §§ 1451(c) and 1132(e)(1) and
9  (f). Plaintiffs seek to enforce the provisions of ERISA and the terms of the pension plan, seek
10  redress for Defendants' violations of ERISA, and seek all other appropriate legal or equitable
11  relief under ERISA.

### VENUE

13      13.  Venue is conferred upon this Court by 4301(d) and 502(e)(2). 29 U.S.C. §§
14  1451(d) and 1132(e)(2). Where an action is brought under 4301 and 502 of ERISA (29 U.S.C. §§
15  1451 and 1132), in a district court of the United States, it may be brought, at Plaintiffs' discretion,
16  in the district where the plan is administered, where the breach took place, or where a Defendant
17  resides or may be found, and process may be served in any other district where a Defendant
18  resides or may be found. The Trust, on whose behalf Plaintiffs brings this action, is administered
19  in this district from its principal place of business in San Jose, California. Thus, jurisdiction and
20  venue are properly grounded with this Court.

### FACTUAL ALLEGATIONS

22      14.  On September 30, 2005, Ace Roofing made a complete withdrawal under ERISA §
23  4203(b) (29 U.S.C. 1383(b)) from the Pacific Coast Roofers Pension Plan ("Plan").

24      15.  In a letter dated July 26, 2007, Trust notified Defendant Ace Roofing that:

      a.  the Plan has a fiscal year running from August 1, through July 31, the withdrawal liability is, therefore, calculated as of July 31, 2005 as required by ERISA § 4211(b)(2)(A) (29 U.S.C. 1391(b)(2)(A))

    b. as of July 31, 2005 the withdrawal liability of Ace Roofing Company was $574,409.70 payable in quarterly installments of $14,551.51

    c. it could either pay the full amount off as a lump sum or make 62 quarterly payments (the first 61 payments at $14,551.51 and the last payment at $12,926.78).

    d. the first withdrawal liability quarterly payment would be due September 1, 2007;

    e. if it wished to challenge the calculation of the withdrawal liability it must request review within 90 days;

    f. any dispute concerning a determination of withdrawal liability must be resolved through arbitration provided arbitration is initiated within the 60 day period after the earlier of 120 days after you make a request under ERISA § 4219(b)(2)(A), or the date the Board Trustees responds to any request for review; and

    g. withdrawal liability payments would be due even if it requested review.

16. The letter from the Trust to Defendant Ace Roofing dated July 26, 2007 the Trust also informed Defendant Ace Roofing that "ERISA § 4001(b)(1) (29 U.S.C. 1301(b)(1)) provides that for purposes of withdrawal liability 'all employees of trades and businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer.'" The Plan, therefore requested that Defendants "[p]lease provide the Plan with a list of all trades or businesses which are in the same control group as Ace Roofing. Under ERISA § 4219(a) (29 U.S.C. 1391(a)) you must supply this information to us within 30 days." Defendant Ace Roofing did not provide the Plan with a list of all trades or businesses which are in the same control group as Ace Roofing within 30 days or at any time thereafter.

17. By letter dated September 14, 2007, the Trust notified Defendant Ace Roofing that:

    a. the first withdrawal liability payment, which was due September 1, 2007, was not received;

  b. if payment was not received within 60 days, the Plan will declare it in default, under the authority of ERISA Section 4219(c)(5);

  c. will require immediate payment of the entire outstanding withdrawal liability assessed of $574,409.70, plus interest and liquidated damages on the full amount.

18. In a letter dated September 25, 2007 Defendant Ace Roofing requested that the Plan "abrogate any money or penalties owed by Ace Roofing."

19. In a letter dated December 14, 2007, the Plan notified Defendant Ace Roofing that on December 12, 2007 the Board of Trustees considered the September 25, 2007 letter sent by Defendant Ace Roofing and "decided that the letter presented no facts upon which it should revise its withdrawal liability assessment. Furthermore, the Board is unwilling to abrogate any money owed by Ace Roofing."

20. The letter dated December 14, 2007, from the Plan to Defendant Ace Roofing also stated that "[i]nstallments of $14,551.51 were due on September 1 and December 1, 2007, which are now overdue. You were given 60 days to correct your lack of payment on September 1, 2007, which you did not do. Therefore under the statutory provisions of ERISA § 4219(c)(5) the Board has declared Ace Roofing to be in default, and the entire amount of withdrawal liability, $574,409.70 is due and payable."

21. To date, the Trust has not received any payment of the assessed withdrawal liability.

22. Defendant Ace Roofing and no member of any control group requested review of the assessed withdrawal liability.

23. Defendant Ace Roofing and no member of any control group initiated arbitration.

### FIRST CAUSE OF ACTION

**Defendants are in Default Under 4219(c)(5) of ERISA**

24. Plaintiffs re-allege and incorporate by reference paragraphs 1 – 24 above as though they were fully set forth herein.

25. Defendant Ace Roofing made a "complete withdrawal" from the Trust as that term is defined in ERISA Section 4203(a) (29 U.S.C. § 1383(a)).

1  26. By letter dated July 26, 2007, Plaintiffs notified Defendant Ace Roofing of its assessed withdrawal liability pursuant to ERISA Section 4201 and ERISA Section 4202 (29 U.S.C. §1381 et seq.) in the total amount of $574,409.70, requiring 61 quarterly installment payments of withdrawal liability of $14,551.51 and a final 62nd payment of $12,926.78, beginning September 1, 2007. The amounts were calculated in accordance with ERISA Section 4211 (29 U.S.C. §1391).

27. By letter dated September 14, 2007, Plaintiffs notified Defendant Ace Roofing that it was delinquent to the Trust for its first withdrawal liability payment, and that failure to correct the delinquency within sixty (60) days of receipt of the Trust's letter would constitute a default, defined under ERISA Section 4219(c)(5)(A) and (B) (29 U.S.C. § 1399(c)(5) (A) and (B)). The letter further stated that if the non-payment of the quarterly withdrawal liability payment was not cured within sixty days "the Plan will declare Ace Roofing and each member of the control group in default and, under the authority of ERISA Section 4219(c)(5), will require immediate payment of the entire outstanding withdrawal liability assessed of $574,409.70, plus interest and liquidated damages on the full amount."

28. The Trust forwarded the requisite Notice of Default to the Defendant Ace Roofing advising that unless its delinquency was cured within sixty (60) days, the entire amount of withdrawal liability would be accelerated and due and payable pursuant to Section 4219(c)(5) of ERISA (29 U.S.C. § 1399(c)(5)).

29. ERISA Section 4219(c)(5) provides that a default of payment of withdrawal liability occurs upon an employer's failure to make any payment when due and not cured by the employer within sixty (60) days after the employer receives written notification from the plan sponsor of such failure.

30. To date, no curing payment has been received from Defendant Ace Roofing or any member of any control group, and the sixty (60) day period for cure has elapsed.

31. Defendant Ace Roofing and each member of any control group are, therefore, in default under Section 4219(c)(5) of ERISA (29 U.S.C. § 1399(c)(5)).

32.  In the event of default, the Trust may accelerate withdrawal liability under ERISA Section 4219(c)(5) (29 U.S.C. § 1399(c)(5)).

33.  Since the sixty (60) day period elapsed prior to the date of this Complaint and Defendants have failed to cure the default, Plaintiffs seek Judgment for the entire amount of outstanding withdrawal liability due under its demand, plus accrued interest pursuant to ERISA Section 4219(c)(5) (29 U.S.C. § 1399(c)(5)).

34.  Defendant Ace Roofing and each member of any control group is, therefore, required to immediately pay the outstanding amount of "withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made." ERISA Section 4219(c)(5) (29 U.S.C. § 1399(c)(5)).

35.  Failure to timely pay assessed withdrawal liability shall be treated in the same manner as a delinquent contribution within the meaning of ERISA Section 515 (29 U.S.C. § 1145). ERISA Section 4301(b) (29 U.S.C. § 1451(b)). Defendant Ace Roofing and each member of any control group are, therefore, also required to liquidated damages and costs, including reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

**Failure to Make Timely Quarterly Withdrawal Liability Payments**

36.  Plaintiffs re-allege and incorporate by reference paragraphs 1 – 35 above as though they were fully set forth herein.

37.  The first three withdrawal liability payments were due as follows:

| | |
|---|---|
| September 1, 2007 | $14,551.51 |
| December 1, 2007 | $14,551.51 |
| March 1, 2008 | $14,551.51 |

None of these payments were received by the Trust.

38.  ERISA Section 4219(c)(2) (29 U.S.C. § 1399(c)(2)) requires withdrawal liability payments to be: payable in accordance with the schedule set forth by the plan sponsor under subsection (b)(1) beginning no later than 60 days after the date of the demand notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule.

39. ERISA Section 4221(d) (29 U.S.C. §1401(d)) requires that Defendants make withdrawal liability assessments when due. Despite the foregoing, Defendant Ace Roofing and each member of any control group have failed to make any quarterly withdrawal liability payment towards the assessed withdrawal liability.

40. As of the date of the filing of this Complaint, Defendants are in arrears for three quarterly withdrawal liability payments during the period of September 1, 2007 through March 1, 2008. The total amount in arrears is $43,654.53.

41. Defendants have a statutory duty to make the required payments timely to the Trust under ERISA Section 515 (29 U.S.C. § 145) and ERISA Section 4221(d) (29 U.S.C. § 1401(d)) and by failing to make such timely payment have violated the law.

42. ERISA Section 4301(b) (29 U.S.C. § 1451(b)) provides that in any action under 4301(b) of ERISA (29 U.S.C. § 1451(b)) "to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of Section 515 [29 U.S.C. § 1145])."

43. Plaintiffs, therefore, seek an alternative Judgment for the quarterly withdrawal liability payments due through the date of judgment, plus accrued interest, liquidated damages and costs, including reasonable attorneys' fees. Section 4219(c)(5) of ERISA (29 U.S.C. § 1399(c)(5)).

### THIRD CAUSE OF ACTION

#### Injunctive Relief

44. Plaintiffs re-allege and incorporate by reference paragraphs 1 – 43 above as though they were fully set forth herein.

45. The failure of Defendants to make the quarterly withdrawal liability payments in accordance with 4219(c)(2) of ERISA (29 U.S.C. § 1399(c)(2)) has caused the Trust to sustain loss of investment income and has further caused the Trust to incur administrative and legal expenses.

46. Defendants have failed to provide the Trust with the information requested concerning the identity of each the member of the control group as required by ERISA Section 4219(a) (29 U.S.C. § 1399(a)).

47. Defendants have failed to discharge their statutory obligations and have caused the Trust to suffer immediate, continuing, and irreparable injury, and Plaintiffs are without an adequate remedy at law.

### SERVICE ON PBGC

48. A copy of this complaint will be served upon the Pension Benefit Guaranty Corporation by certified mail as required by Section 4301(g) of ERISA (29 U.S.C. § 1451(g)).

### PRAYER

WHEREFORE, Plaintiffs pray as following relief:

A. <u>On the First Cause of Action:</u>

1. For an order finding that Defendant Ace Roofing and each member of any control group:

    a. failed to request review of the assessed withdrawal liability within 90 days after Defendant Ace Roofing received written notification of the assessed withdrawal liability as required by ERISA Section 4219(b)(2) (29 U.S.C. §1399(b)(2));

    b. failed to timely initiate arbitration as required by ERISA 4221(a)(1) (29 U.S.C. § 1401(a)(1));

    c. are in default for failing to cure the non-payment of the quarterly assessed withdrawal liability within 60 days after Defendant Ace Roofing received written notification of such failure as required by ERISA Section 4219(c)(5)(A) (29 U.S.C. § 1399(c)(5)(A));

    d. are a single employer and are, therefore, jointly and severally liable for the assessed withdrawal liability;

2. For entry of a judgment against Defendant Ace Roofing and each member of any control group, jointly and severally, as follows:

1         a.    liable to make immediate payment of the entire amount of the assessed withdrawal liability of $574,409.70 to Plaintiffs, pursuant to Section 4219(c)(5) of ERISA (29 U.S.C. § 1399(c)(5)), less any payments made;

        b.    liable to pay interest to Plaintiffs on the entire withdrawal liability payments at the rates prescribed under Section 6621 of the Internal Revenue Code of 1986, as amended (26 U.S.C. §6621) and/or the rates pursuant to Section 4219(c)(5) and (6) of ERISA (29 U.S.C. § 1399(c)(5) and (6)) at the time of judgment;

        c.    liable to pay to Plaintiffs liquidated damages, pursuant to Sections 502(g)(2) and 4301(b) of ERISA (29 U.S.C. §§ 1132(g)(2) and 1451(b)), equal to the greater of:

        i)    the accrued interest on the delinquent quarterly withdrawal liability payments not paid when due at the time of judgment, or

        ii)    an amount equal to twenty percent (20%) of the amount of delinquent quarterly withdrawal payments not paid when due at the time of judgment;

        d.    liable to pay Plaintiffs' reasonable attorneys fees and costs of this action as permitted by Sections 502(g) and 4301(e) of ERISA, as amended (29 U.S.C. §§ 1132(g) and 1451(e));

        e.    liable for such other relief as this Court may deem proper.

B.    <u>On the Second Cause of Action</u>:

1.    For an order finding that Defendant Ace Roofing and each member of any control group:

        a.    failed to request review of the assessed withdrawal liability within 90 days after Defendant Ace Roofing received written notification of the assessed withdrawal liability as required by ERISA Section 4219(b)(2) (29 U.S.C. §1399(b)(2));

        b.    failed to timely initiate arbitration as required by ERISA 4221(a)(1) (29 U.S.C. § 1401(a)(1));

        c.    are in default for failing to cure the non-payment of the quarterly assessed withdrawal liability within 60 days after Defendant Ace Roofing received written

1  notification of such failure as required by ERISA Section 4219(c)(5)(A) (29 U.S.C. §
2  1399(c)(5)(A));

3          d.    are a single employer and are, therefore, jointly and severally liable
4  for the assessed withdrawal liability;

5      2.    For entry of an alternative judgment against Defendant Ace Roofing and
6  each member of any control group, jointly and severally, as follows:

7          a.    for payment of all unpaid quarterly withdrawal liability payments
8  due at the time of the judgment;

9          b.    liable to pay interest to Plaintiffs on the delinquent quarterly
10 withdrawal liability payments not paid when due at the rates prescribed under Section 6621 of the
11 Internal Revenue Code of 1986, as amended (26 U.S.C. §6621) and/or the rates pursuant to
12 Section 4219(c)(5) and (6) of ERISA (29 U.S.C. § 1399(c)(5) and (6)) at the time of judgment;

13         c.    liable to pay to Plaintiffs liquidated damages, pursuant to Sections
14 502(g)(2) and 4301(b) of ERISA (29 U.S.C. §§ 1132(g)(2) and 1451(b)), equal to the greater of:

15         i)    the accrued interest on the delinquent quarterly withdrawal
16 liability payments not paid when due at the time of judgment, or

17         ii)    an amount equal to twenty percent (20%) of the amount of
18 delinquent quarterly withdrawal payments not paid when due at the time of judgment;

19         d.    liable to pay Plaintiffs' reasonable attorneys fees and costs of this
20 action as permitted by Sections 502(g) and 4301(e) of ERISA, as amended (29 U.S.C. §§ 1132(g)
21 and 1451(e));

22         e.    liable for such other relief as this Court may deem proper.

23     C.    <u>On the Third Cause of Action</u>:

24     1.    For entry of a judgment against Defendant Ace Roofing and each member
25 of any control group, jointly and severally, as follows:

26         a.    injunctive relief ordering timely payment of all future quarterly
27 withdrawal liability payments;

28

1                    b.     injunctive relief ordering that the Trust be provided with a list of all
2 trades or businesses which are in the same control group as Ace Roofing Company;
3                    c.     other such injunctive relief as this Court may deem proper.
4           2.       For an entry judgment against Defendant Martinez as follows:
5                    a.     injunctive relief ordering that the Trust be provided with a list of all
6 trades or businesses which are in the same control group as Ace Roofing Company;
7                    b.     injunctive relief ordering that the Trust be provided with Defendant
8 Martinez's prior three years federal and state income tax returns and supporting information so
9 that the Trust may determine all trades or businesses which are in the same control group as Ace
10 Roofing Company;
11                   c.     other such injunctive relief as this Court may deem proper.

Dated:   March 3, 2008                      SALTZMAN & JOHNSON LAW CORPORATION
                                            RICHARD C. JOHNSON
                                            KRISTEN McCULLOCH


                                            By: /s/ Kristen McCulloch
                                                Kristen McCulloch
                                                Attorneys for Plaintiffs

JS 44 - No. CALIF. (Rev. 4/97)

# CIVIL COVER SHEET

MHP E-filing

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
PACIFIC COAST ROOFERS PENSION TRUST, et al.

**DEFENDANTS**
ACE ROOFING COMPANY, a California Corporation, and MANUEL D. MARTINEZ, Individually

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)
San Jose

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kristen McCulloch, Saltzman & Johnson Law Corporation
120 Howard Street, Suite 520, San Francisco, CA 94105
415-882-7900

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "✓" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "✓" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "✓" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "✓" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liabiltiy | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☑ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Action for collection of withdrawal liability under Employee Retirement Income Security Act (29 USC Sections 1451 et seq.)

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT** (CIVIL L.R. 3-2) (PLACE A "✓" IN ONE BOX ONLY)   ☑ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE 3/3/08   SIGNATURE OF ATTORNEY OF RECORD   Kristen McCulloch