1  RICHARD C. JOHNSON (SBN 40881)
   KRISTEN McCULLOCH (SBN 177558)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery St., Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   djohnson@sjlawcorp.com
5  kmcculloch@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8
                    UNITED STATES DISTRICT COURT
9
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11 | PACIFIC COAST ROOFERS PENSION        | Case No.: C08-1252 MHP
   | TRUST, DOUGLAS ZIEGLER, Trustee, and |
12 | JOHN T. BANISTER, Trustee,           | **NOTICE OF MOTION AND MOTION
   |                                      | FOR DEFAULT JUDGMENT;
13 |            Plaintiffs,               | MEMORANDUM OF POINTS AND
   |                                      | AUTHORITIES IN SUPPORT OF
14 | vs.                                  | MOTION FOR DEFAULT JUDGMENT**
   |                                      |
15 | ACE ROOFING COMPANY AND MANUEL       | Date:     September 15, 2008
   | D. MARTINEZ, INDIVIDUALLY,           |
16 |                                      | Time:     2:00 p.m.
   |            Defendants.               |
17 |                                      | Location: Courtroom 15, 18th Floor
   |                                      |          450 Golden Gate Avenue
18 |                                      |          San Francisco, California
   |                                      |
19 |                                      | Judge:    The Honorable Marilyn H. Patel

20

21 TO ACE ROOFING COMPANY and MANUEL D. MARTINEZ, Individually, ("Defendants"):

22      PLEASE TAKE NOTICE that pursuant to Rule 55(b)(2) of the Federal Rules of Civil

23 Procedure, Plaintiffs will move and do hereby move for a default judgment against Defendants

24 and in Plaintiffs' favor in this matter. A hearing shall be conducted on **September 15, 2008, at**

25 **2:00 p.m.**, or as soon thereafter as counsel may be heard, before the **Honorable Marilyn H.**

26 **Patel**, in **Courtroom 15**, **18th Floor**, **Federal Courthouse, 450 Golden Gate Avenue**, **San**

27 **Francisco**, California. Information from the United States District Court, Northern District of

28 California website regarding the location of the Courthouse is attached hereto as **Exhibit A**.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. STATEMENT OF RELIEF SOUGHT

Plaintiffs seek entry of a judgment by default ordering Defendants Ace Roofing and Manuel Martinez to provide payment of the entire assessed withdrawal liability in the amount of $574,409.70, based upon Defendant Ace Roofing Company ("Defendant Ace Roofing") having made a complete withdrawal from the Pacific Coast Roofers Pension Trust on or about September 30, 2005, under the Employee Retirement Income Security Act of 1974 ("ERISA") Section 4203(b) (29 U.S.C. § 1383(b)), plus interest, liquidated damages, attorneys' fees and costs incurred in this action, as follows:

| | |
|---|---:|
| Withdrawal liability | $574,409.70 |
| 20% Liquidated Damages | $114,881.94 |
| Interest pursuant to IRC § 6621 | 27,800.36 |
| Attorneys' Fees | 9,966.50 |
| Other Costs | 661.00 |
| **TOTAL** | 727,719.50 |

*See* Declaration J. Tim Biddle in Support of Motion for Default Judgment ("Biddle Decl.") paragraph ("¶") 8; Declaration Judy Sargent in Support of Motion for Default Judgment ("Sargent Decl.") paragraphs ("¶¶") 3, 4 and 5; and Declaration Kristen McCulloch in Support of Motion for Default Judgment ("McCulloch Decl.") ¶¶ 5 and 6.

## II. STATEMENT OF FACTS

Plaintiff Pacific Coast Roofers Pension Trust ("Trust") is (a) an employee benefit plan as defined in the ERISA Section 3(3) (29 U.S.C. §1002(3)), (b) an "employee benefit pension plan" as defined in Section 3(2) of ERISA (29 § U.S.C. 1002(2)) and (c) a "multiemployer plan" as defined in Sections 3(37) and 4001(a)(3) of ERISA (29 U.S.C. §§ 1002(37) and 1301(a)(3)). Plaintiffs Douglas Ziegler and John T. Banister are members of the Board of Trustees of the Trust ("Trustees"). Plaintiff Trustees are "fiduciaries" with respect to the Trust as defined in Section 3(21)(A) of ERISA (29 U.S.C. § 1002(21)(A)), and are collectively the Board of Trustees' "plan sponsor" within the meaning of Sections 3(16)(B)(iii) and 4001(a)(10)(A) of ERISA (29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10)(A)). Defendant Ace Roofing was a participating employer in the Pacific Coast Roofers Pension Plan and Trust pursuant to a collective bargaining agreement

between it and the United Union of Roofers, Waterproofers and Allied Workers (UURWAW), Local Nos. 40, 81 and 95 until it made a complete withdrawal from the Plan and Trust on or about September 30, 2005.  Under ERISA Section 4203 (b) (29 U.S.C. § 1383 (b)), an employer, such as Defendant Ace Roofing, is obligated to pay "withdrawal liability" upon its withdrawal from an ERISA employee pension benefit trust.  Manuel D. Martinez ("Defendant Martinez") is the president and 100% owner of Defendant Ace Roofing making all businesses commonly controlled by Defendant Martinez a "control group" under ERISA.  *See* ERISA Section 4219 (a) (29 U.S.C. § 1399 (a)).  Under ERISA a control group is treated as single employer causing each member of the control group to be jointly and severally liable for their own and each other member of the control group's withdrawal liability.  *Id*.

On March 3, 2008, Plaintiffs filed this action to collect the assessed withdrawal liability owed to the Trust by Defendant Ace Roofing and/or members of its control group.  *See* Docket No. 1.[1]  As the Court's file reflects, service on Defendant Ace Roofing and Defendant Martinez was completed on March 14, 2008, and the Proofs of Service were filed with the Court on March 19, 2008.  *See* Docket No. 4.  Defendants have failed to plead or otherwise defend or appear in this action.  As such, on April 17, 2008, Plaintiffs filed a Request to Enter Default Judgment, and properly served on Defendants.  *See* Docket No. 5.  Pursuant to Plaintiffs' request, the Clerk entered the Defendants' default on April 24, 2008, which was also properly served on Defendants.  *See* Docket Nos. 6 and 7, respectively.

**III.    ARGUMENT**

    **A.    THE COURT IS AUTHORIZED TO ENTER DEFAULT JUDGMENT**

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of judgment by default.  This action was filed on March 3, 2008.  Service on the Defendant Ace Roofing and Defendant Martinez was completed on March 14, 2008.  A Proof of Service was filed with the Court on March 19, 2008.  Defendants have failed to plead or otherwise defend or appear in this

---

[1] Plaintiffs request that the Court take judicial notice of the contents of its case files within the District pursuant to Rule 201 of the Federal Rules of Evidence.

action and, pursuant to Plaintiffs' Rule 55(a) request, the Clerk entered the defendant's default on April 24, 2008. Corporate Defendant Ace Roofing Company is not an infant or incompetent person. Based on knowledge and belief, Defendant Manuel D. Martinez is not an infant or incompetent person. Accordingly, there exists no obstacle to the granting of Plaintiffs' motion for Default Judgment. Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure Plaintiffs are entitled to entry of judgment by default in their favor against Defendant Ace Roofing Company and Defendant Manuel D. Martinez.

### B. PLAINTIFFS ARE ENTITLED TO JUDGMENT AGAINST DEFENDANTS IN THE AMOUNT OF THE WITHDRAWAL LIABILITY OWED BY DEFENDANT UNDER ERISA

This action arises under the ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C §§ 1001-1461 (1982). ERISA Section 4301 (29 U.S.C. § 1451) states:

> A plan fiduciary, employer, plan participant, or beneficiary, who is adversely affected by the act or omission of any party under this subtitle with respect to a multiemployer plan, or an employee organization which represents such a plan participant or beneficiary for purposes of collective bargaining, may bring an action for appropriate legal or equitable relief, or both.

This action is based on the statutory duty under ERISA Section 4203 (b) (29 U.S.C. § 1383 (b)) for payment of withdrawal liability.

On or about September 30, 2005, Defendant Ace Roofing made a complete withdrawal, as defined by ERISA Section 4203 (b) (29 U.S.C. 1383 (b)), from the Pacific Coast Roofers Pension Plan and Trust, but continued to perform work in the jurisdiction of the Union. By letter dated July 26, 2007, Trust notified Defendant Ace Roofing that it was liable for withdrawal liability of $574,409.70 and further informed it that payment may be made in full or in 63 quarterly installments (the first 62 payments at $14,551.51 and the last 63rd payment at $12,926.78) beginning on September 1, 2007. *See* Complaint ¶¶ 1 and 15 and Biddle Decl. ¶ 9. The letter of July 26 also notified Defendant Ace Roofing that any dispute concerning a determination of withdrawal liability must be resolved through arbitration provided arbitration is initiated within

1  the 60 day period after the earlier of 120 days after you make a request under ERISA Section 4219
2  (b)(2)(A), or the date the Board Trustees responds to any request for review and that withdrawal
3  liability payments would be due even if it requested review. *See* ERISA Section 4219 (a) (29
4  U.S.C. § 1399 (a)); *also see* Complaint ¶¶ 2 and 15. The letter dated July 26, 2007 also requested,
5  as required by ERISA Section 4219 (a) (29 U.S.C. § 1399 (a)), a list of all trades or businesses that
6  are in the same control group as Ace Roofing as established under ERISA Section 4001 (b)(1) (29
7  U.S.C. § 1301(b)(1)). *See* Complaint ¶ 2.

8  Neither Defendant Ace Roofing, nor any member of any control group requested review of
9  the assessed withdrawal liability. Complaint ¶ 22. The period for requesting review has lapsed
10 and, therefore, the time period for seeking arbitration of the assessed withdrawal liability has
11 likewise lapsed. *See* Complaint ¶23; *see also* <u>Board of Trustees of Western Conference of
12 Teamsters Pension Trust Fund v. Thompson Building Materials, Inc.</u>, 749 F.2d 1396, n.4 (9th Cir.
13 1984) (stating "[a]s a prerequisite to initiating arbitration, the employer first must request the
14 trustees to review their calculations" citing ERISA Section 4221 (a)(1)(B) (29 U.S.C. § 1401
15 (a)(1)(B)). Furthermore, Defendants failed to provide information requested to determine the
16 control group within 30 days as required by ERISA Section 4219 (a) (29 U.S.C. § 1391 (a)).
17 Complaint ¶ 2.

18 In spite of the adequate notice that the withdrawal liability must be paid either in full or in
19 quarterly installments, Defendants have failed to pay the entire assessed withdrawal liability or
20 make a single quarterly installment payment to Plaintiff Trust or provide information concerning
21 the control group. *See* Complaint ¶¶ 2, 21 and 45. By letter dated September 14, 2007, Defendant
22 Ace Roofing was notified that its first withdrawal liability payment, which was due September 1,
23 2007, was not received by the Trust and that if payment was not received within 60 days, the Plan
24 will declare it in default, under the authority of ERISA Section 4219 (c)(5) (29 U.S.C. § 1399
25 (c)(5)). *See* Complaint ¶ 17. An employer who is notified of a delinquency in its withdrawal
26 liability payments, who then fails to cure such delinquency is in default under ERISA. *See* ERISA
27 Section 4219 (c)(5) (29 U.S.C. § 1399 (c)(5)). Neither Defendant Ace Roofing, nor any member
28 of any control group, made any curing payment of the first installment with the sixty (60) day

period. *See* Complaint ¶ 21. In the event of default, the Trust may accelerate withdrawal liability. *See* ERISA Section 4219 (c)(5) (29 U.S.C. § 1399 (c)(5)). By letter dated December 14, 2007, Defendant Ace Roofing was further notified that:

> Installments of $14,551.51 were due on September 1 and December 1, 2007, which are now overdue. You were given 60 days to correct your lack of payment on September 1, 2007, which you did not do. Therefore under the statutory provisions of ERISA § 4219 (c)(5) the Board has declared Ace Roofing to be in default, and the entire amount of withdrawal liability, $574,409.70 is due and payable.

*See* Complaint ¶ 20. Defendants failed to cure the default and the sixty (60) day period lapsed on November 13, 2007. *See* Complaint ¶ 30. Plaintiffs, therefore, seek entry of Default Judgment for the entire amount of assessed withdrawal liability plus accrued interest and liquidated damages on the assessed withdrawal liability, attorneys' fees and other costs "from the due date of the first payment which was not timely made." ERISA Section 4219 (c)(5) (29 U.S.C. § 1399 (c)(5)). *See* Complaint ¶ 33. Defendant has failed to appear in this action. *See* Docket generally. Accordingly, on April 24, 2008 this Court entered default as to Defendants Ace Roofing and Defendant Martinez. *See* Docket No. 6. Plaintiffs now, therefore, request that default judgment be entered in the Trust's favor.

### C. STATUTORY AWARD OF LIQUIDATED DAMAGES, INTEREST, COSTS AND ATTORNEYS FEES IS MANDATORY

The failure of Defendants to make the quarterly withdrawal liability payments in accordance with ERISA Section 4219 (c)(2) (29 U.S.C. § 1399 (c)(2)) has resulted in great expense to Plaintiffs in administrative expense, attorneys' fees, and costs and causing the Trust to sustain loss of investment income. Upon entry of default judgment in favor of Trust against Defendants for the assessed withdrawal liability, the Court must also enter default judgment for interest, liquidated damages, attorneys' fees, and costs, which are mandatory pursuant to ERISA Section 502 (g)(2)(B)(C) and (D). Any action under Section 4301 (b) of ERISA (29 U.S.C. § 1451 (b)) "to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of [ERISA] Section 515 [29 U.S.C. § 1145])." Defendant Ace Roofing and Defendant Martinez are, therefore, also required to pay liquidated

damages and costs, including reasonable attorneys' fees as required by ERISA Section 515 (29 U.S.C. § 1145). *See* ERISA Section 502 (g) (29 U.S.C. §1132 (g)), which provides:

> (g)(2)  In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 (29 U.S.C. § 1145) in which a judgment in favor of the plan is awarded, the court shall award the plan
>
> (B)  interest on the unpaid contributions
>
> (C)  an amount equal to the greater of
>
>> (i)  interest on the unpaid contributions,
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent [of the unpaid contributions],
>
> (D)  reasonable attorneys fees and costs of the action, to be paid by the defendant, and
>
> (E)  such other legal or equitable relief as the court deems appropriate.

Accordingly, the entry of default judgment in favor of Plaintiffs for the unpaid withdrawal liability must, therefore, also include: (2) interest on the entire withdrawal liability assessed at the rates prescribed under Section 6621 of the Internal Revenue Code of 1986, as amended (26 U.S.C. §6621) and/or the rates pursuant to Section 4219 (c)(5) - (6) of ERISA (29 U.S.C. § 1399(c)(5) - (6)) at the time of judgment; (2) liquidated damages at the greater of the amount of the assessed interest or 20% of the withdrawal liability; (3) attorneys' fees; and (4) other costs.

///
///
///
///
///
///
///
///
///

1  IV.  **CONCLUSION**

2  Plaintiffs respectfully request that this Court grant the instant motion for entry of default

3 judgment and award Plaintiff Trust a money judgment against the Defendant Ace Roofing and

4 Manuel D. Martinez awarding the entire assessed withdrawal liability of $574,409.70, plus interest

5 of $27,800.36, liquidated damages of $114,881.94, attorneys' fees of $9,966.50 and other costs of

6 $661.00, for a total of $727,719.50.

7 Dated: August 5, 2008                    SALTZMAN & JOHNSON LAW CORPORATION
                                           RICHARD C. JOHNSON
8                                          KRISTEN McCULLOCH

9

10
                                           By:_____/S/_____
11                                              Kristen McCulloch
                                                Attorneys for Plaintiffs
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>PROOF OF SERVICE</u>

I, the undersigned, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 44 Montgomery Street, Suite 2110, San Francisco, California 94104.

On August 5, 2008, I served the following document(s):

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT;**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

on the interested parties in said action by placing a true and exact copy of each document in a sealed envelope with postage thereon fully prepaid, in a United States Post Office box in San Francisco, California, addressed as follows:

| | |
|---|---|
| **Ace Roofing Company**<br>**861 Warrington Avenue**<br>**Redwood City, California 94063-3527** | **Manuel D. Martinez**<br>**861 Warrington Avenue**<br>**Redwood City, California 94063-3527** |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 5th day of August, 2008, at San Francisco, California.

_____/S/_____
Vanessa de Fábrega

United States District Court
For the Northern District of California
Case No.: C08-1252 MHP



TO

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
DEFAULT JUDGMENT



 Court Info

# San Francisco

Last Updated: 08/28/1998

Address:
450 Golden Gate Ave.
Clerk's office is on the 16th Floor
Jury office is on the 19th floor
San Francisco, CA 94102

Phone:
415-522-2000
Jury:415-522-2171

Hours:
9:00 AM - 4:00 PM
file viewing room open 9:00 AM - 1:00 PM
(may be earlier for Jury)

Venue questions?



Click for Map to SF Courthouse, directions, hotels, restaurants

Directions:

- From BART: Exit Civic Center. From UN Plaza take Fulton Street toward City Hall. Turn Right on Larkin, go 2 blocks to Golden Gate.
- From GOLDEN GATE BRIDGE: Take Lombard to Van Ness. Turn right. Proceed to Golden Gate Ave and turn Left.
- From EAST BAY: Take Hwy 80 to 9th Street/Civic Center. 9th Street becomes Larkin Street. Proceed to Golden Gate Ave.
- From the PENINSULA: Take Hwy 101 North to 9th Street/Civic Center. 9th Street becomes Larkin Street. Proceed to Golden Gate Ave.

Parking:

- 735 Van Ness between Turk & Eddy (outdoor lot) 530 Turk Street, Open until 5:30 PM
- Outdoor lot on corner of Golden Gate and Larkin
- Civic Center Garage, on McAllister Street, between Polk & Larkin

Public Transportation:
**Link to Bay Area Public Transit Info:**

Some hotel suggestions:

**Links to list of hotels-Visitor Bureau Lodging listings-SF Luxury Hotels-Search for Hotels**

**SF Convention and Visitor Bureau**